IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| ) | Case No. 12-22722-MER |
| LEONID SHIFRIN, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| ) | |
| HARVEY SENDER, as Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. No. _____ MER |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Glasgow, Inc., d/b/a Colonial Financial, Inc., ) | |
| Sofia Shifrin, Qilly Shifrin, and Mark Shifrin. ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

**COMPLAINT**
_____

Harvey Sender, as Chapter 7 Trustee for the bankruptcy estate of Leonid Shifrin, for his Complaint against Glasgow, Inc. d/b/a Colonial Financial, Inc., Sofia Shifrin, and Qilly Shifrin, states as follows:

**PARTIES, JURSIDICTION AND VENUE**

1.   Plaintiff Harvey Sender is an individual and he is the duly appointed Chapter 7 trustee in the bankruptcy case of Leonid Shifrin, Court File No. 12-22722 MER (the "Bankruptcy Case").

2.   Defendant Glasgow, Inc., d/b/a Colonial Financial, Inc., is a Colorado corporation with a principal business address of 8400 E. Crescent Parkway, #150, Greenwood Village, CO 80111 ("Glasgow").

3. According to Secretary of State records, the registered agent for Glasgow, Inc. is Sofia Shifrin, an individual and resident of Colorado who resides at 11692 E. Baltic Place, Aurora, CO 80010.

4. Qilly Shifrin is an individual believed to be affiliated and/or in control of the company affairs of Glasgow, Inc., and is an individual and resident of Colorado who resides at 49 Sunset Drive, Englewood CO 80223.

5. Mark Shifrin is an individual believed to be affiliated and/or in control of the company affairs of Glasgow, Inc., and is an individual and resident of Colorado who resides at 1624 S. Fairplay Street, Aurora CO 80012.

6. The United States Bankruptcy Court for the District of Colorado (this "Court") maintains jurisdiction under 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under District Court Local Rule of Civil Procedure 84.1.

7. Venue is proper in this Court under 28 U.S.C. § 1409.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K) (M) and/or (O). The Trustee seeks the relief sought herein pursuant to 11 U.S.C. § 542.

## GENERAL ALLEGATIONS

9. The Trustee re-alleges all of the prior allegations of this Complaint as if fully set forth herein.

10. On June 17, 2012, (the "Petition Date"), Leonid Shifrin (the "Debtor") commenced the Bankruptcy Case by filing with the Court a voluntary petition for relief under Chapter 7 of title 11, U.S.C. (the "Bankruptcy Code").

DOCS-#3842980-v1

11. According to its documents filed with the Nevada Secretary of State, at the time of formation, the Debtor's wife, Qilly Yankovich, was the president of Glasgow Inc. See Exhibit 1. The Debtor's mother, Sofia Shifrin, was a director. The Debtor's father, Mark Shifrin, was the secretary. Exhibit 1.

12. When Glasgow Inc. registered to do business in Colorado, Qilly Yankovich, the Debtor's wife, signed the statement of authority and represented that in her capacity as President of Glasgow Inc., she is the person who has authority to execute instruments conveying, encumbering, or otherwise affecting title to real property on behalf of Glasgow, Inc. Exhibit 2.

13. On October 8, 2012, the Denver County District Court adjudicated and found that the Debtor was participating in mortgage lending through, among other companies, the company Glasgow Inc., d/b/a Colonial Financial, Inc., in direct violation of a permanent injunction entered against the Debtor by the Denver County District Court on April 29, 2011. A true and correct copy of the Denver County District Court Order is attached hereto as Exhibit 3.

14. The Denver County District Court further found that the Debtor had access to and control over the assets of numerous companies, including Glasgow Inc., d/b/a Colonial Financial Inc. and further found that the "assets and property of Glasgow Inc.," and numerous other companies, including all trade names and doing business names, are the property of the Debtor Leonid Shifrin. Exhibit 1 at ¶ 6.

15. Glasgow, Inc., owns two residential properties located at 24441 E. Glasgow Circle, Aurora, legally described as Lot 17, Block 2, Tallyn's Reach Sub 4th Flg., Arapahoe County, Colorado; and 24411 E. Glasgow Circle, Aurora, legally described as Lot 16 Block 2, Tallyn's Reach Sub 4th Flg., Arapahoe County, Colorado (collectively, the "Glasgow Residential Rental Properties"). Upon information and belief, Glasgow Inc., operating through Qilly Shifrin,

Sofia Shifrin and Mark Shifrin, is collecting rental income generated by the above two properties and have failed and refused to provide the Trustee the rental income generated or an accounting of any debt of Glasgow Inc. being serviced by the rental income generated by these two properties.

16. Glasgow Inc., through its trade name Colonial Financial Inc., also owns a luxury rental property located at 38 Grey Jay Lane, Breckenridge, Colorado, legally described as Lot 11, Baldy Ridge Estates, Summit County, Colorado, (collectively, with the Glasgow Residential Rental Properties legally described herein, the "Glasgow Rental Properties.")

17. In addition, real property records indicate that Glasgow Inc. has secured interests in its favor in the form of Deeds of Trust on numerous properties, including but not limited to properties located in Douglas County, Adams County, Jeffco County, Weld County, Arapahoe County, and Larimer County.

18. After the Petition Date, Glasgow Inc. has continued to receive and collect rental income on the Glasgow Rental Properties post-petition. On information and belief, Qilly Shifrin, Sofia Shifrin, and/or Mark Shifrin have collected this rental income in their individual capacities or as agents of Glasgow Inc., which rental income constitutes property of the estate.

19. Pursuant to the Denver County District Court Order dated October 8, 2012, the property and assets of Glasgow, Inc., including but not limited to the Glasgow Rental Properties, the rental income generated by the Glasgow Rental Properties are property of the Debtor.

20. The Debtor's interest in the Glasgow Rental Properties and the rental income generated by the Glasgow Rental Properties was not disclosed by the Debtor in his Bankruptcy Case.

21. The assets of Glasgow Inc. are property of the estate in the Debtor's Bankruptcy Case, including but not limited to the Glasgow Rental Properties, the rental income generated by the Glasgow Rental Properties, and the Glasgow Certificates of Deposit.

### FIRST CLAIM FOR RELIEF – TURNOVER AND ACCOUNTING
### (11 U.S.C. § 542)

22. The Trustee re-alleges all of the prior allegations of this Complaint as if fully set forth herein.

23. The Glasgow Rental Properties and rental income generated by the Glasgow Rental Properties constitute property of the estate to be recovered and administered by the Trustee pursuant to § 541 of the Bankruptcy Code.

24. On information and belief, the company books and records are located at the most recent registered address for Glasgow Inc., 8400 E. Crescent Parkway #150, Greenwood Village 80111.

25. On information and belief, as the registered or otherwise authorized agents of Glasgow Inc., Sofia Shifrin, Qilly Shifrin and Mark Shifrin are in possession, custody and control of the books and records of Glasgow Inc., located at 8400 E. Crescent Parkway, #150, Greenwood Village 80111, or at other locations not disclosed to the Trustee.

26. Glasgow Inc., d/b/a Colonial Financial, Inc., Sofia Shifrin, Qilly Shifrin and Mark Shifrin are in possession, custody or control of property that the Trustee may use, sell or lease, which property includes the Glasgow Rental Properties and any rental income generated thereby.

27. Glasgow Inc., d/b/a Colonial Financial, Inc., Sofia Shifrin, Qilly Shifrin and Mark Shifrin must deliver to the Trustee and account for the property and assets of Glasgow Inc., including but not limited to the Glasgow Rental Properties and all proceeds, rental income, company books and records, or other assets or value thereof.

28. The Trustee is therefore entitled to judgment against Glasgow Inc., d/b/a Colonial Financial, Inc., Sofia Shifrin, Qilly Shifrin and Mark Shifrin directing a turnover of the property and assets of Glasgow Inc., including the Glasgow Rental Properties and any proceeds derived therefrom and the books and records of Glasgow Inc. pursuant to § 542 of the Bankruptcy Code.

## RELIEF REQUESTED

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests entry of judgment against Glasgow Inc., d/b/a Colonial Financial, Inc., Qilly Shifrin, Sofia Shifrin, and Mark Shifrin directing turnover and an accounting as set forth in this Complaint and for such other relief as deemed appropriate.

DATED: February 25, 2013            LINDQUIST & VENNUM LLP


                                    By:   /s/ John C. Smiley
                                        John C. Smiley, #16210
                                    600 17th Street, Suite 1800-S
                                    Denver, Colorado 80202
                                    Telephone: (303) 573-5900
                                    Facsimile: (303) 573-1956
                                    E-mail: jsmiley@lindquist.com

                                    Attorneys for Harvey Sender,
                                    Chapter 7 Trustee

DOCS-#3842980-v1

# GLASGOW INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 12/20/2006 |
| Type: | Domestic Corporation | Entity Number: | E0931002006-6 |
| Qualifying State: | NV | List of Officers Due: | 12/31/2008 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20061805567 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | CSC SERVICES OF NEVADA, INC. | Address 1: | 2215-B RENAISSANCE DR |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89119 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 1,500.00 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers     ☐ Include Inactive Officers

**Secretary - MARK SHRIFRIN**

| | | | |
|---|---|---|---|
| Address 1: | 1624 S FAIRPLAY ST | Address 2: | |
| City: | CHERRY HILL | State: | CO |
| Zip Code: | 80112 | Country: | |
| Status: | Active | Email: | |

**Director - SOFIA SHRIFRIN**

| | | | |
|---|---|---|---|
| Address 1: | 11692 E BALTIC PL | Address 2: | |
| City: | AURORA | State: | CO |
| Zip Code: | 80014 | Country: | |
| Status: | Active | Email: | |

**President - QILLY YANKOVICH**

| | | | |
|---|---|---|---|
| Address 1: | 9 SANDY LAKE RD | Address 2: | |
| City: | CHERRY HILL | State: | CO |
| Zip Code: | 80113 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Incorporation | | |
| Document Number: | 20060817166-47 | # of Pages: | 1 |
| File Date: | 12/20/2006 | Effective Date: | |

Initial Stock Value: No Par Value Shares: 1,500 ---------- Total Authorized

EXHIBIT 1

| Capital: $ 0.00 | | | |
|---|---|---|---|
| Action Type: | Initial List | | |
| Document Number: | 20070035217-07 | # of Pages: | 1 |
| File Date: | 1/16/2007 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20070779635-26 | # of Pages: | 1 |
| File Date: | 11/15/2007 | Effective Date: | |
| (No notes for this action) | | | |

VISION TITLE AGENCY
11990 NORTH GRANT STREET
SUITE #200
NORTHGLENN, CO 80233

## STATEMENT OF AUTHORITY

1. This Statement of Authority relates to an entity named **Glasgow, Inc**
and is executed on behalf of the entity pursuant to the provisions of Section 38-30-172 C.R.S.

2. The type of entity is **Nevada Corp.**

3. The mailing address for the entity is **11551 E. Arapahoe Rd. #110, Centennial, CO 80112**

4. The entity is formed under the laws of ~~Colorado~~ **Nevada**

5. The ✓ name or ✓ position (check one or both) of the person authorized to execute instruments conveying, encumbering or otherwise affecting title to real property on behalf of the entity is / are: **Qilly Yankovich**

6. The authority of the foregoing person (s) to bind the entity is **X** not limited OR _____ limited as follows: _____

7. Other matters concerning the manner in which the entity deals with interests in real property: **No matters**

Entity Name **Glasgow, Inc.**

By: _[signature]_

Name: **Qilly Yankovich**

Title: **president**

Arapahoe County Clerk & Recorder, Nancy A. Doty
Reception #: B7109784
Receipt #: 5354227   Recording Fee: $6.00
Pages Recorded: 1
Date Recorded: 8/23/2007 4:00:21 PM

STATE OF COLORADO
COUNTY OF **Arapahoe**

The foregoing instrument was acknowledged before me this **9th** day of **July**, 2007 by **Qilly Yankovich** as **President** of **Glasgow, Inc.**

WITNESS MY HAND AND OFFICIAL SEAL.

My commission expires: **5/24/10**

_[signature]_ Notary Public

LISA A. JOHNSON
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 5/24/10

EXHIBIT 2

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Oct 09 2012 04:42PM MDT
Filing ID: 46871324
Review Clerk: Tina Brown

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
| STATE OF COLORADO, ex rel. JOHN W. SUTHERS, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>LEONID SHIFRIN, a/k/a LEO SHIFRIN, Individually; MORTGAGE PLANNING AND LENDING SPECIALISTS, LTD., a Colorado Limited Partnership; WHOLESALE MORTGAGE LENDING, LLC, a Colorado Limited Liability Company; SHIFRIN, INC., a Colorado Corporation; and CBA, INC., a Nevada Corporation,<br><br>Defendants. | ▲ **COURT USE ONLY** ▲ |
| | Case Number: 2008 CV 1047<br><br>Division: Civil<br><br>Courtroom: 203 |
| **[PROPOSED] ORDER AND AMENDMENT TO JUDGMENT** | |

This Court held a hearing on September 21, 2012 regarding Plaintiff's Motion for Civil Penalties Under C.R.S. § 6-1-112(1)(b) and for Additional Orders to Enforce this Court's Judgment (Filed Partially Under Seal). Having considered arguments made at said hearing and having reviewed Plaintiff's Motion, Defendant's Response to the same and Plaintiff's Reply, the Court FINDS and ORDERS as follows:

1. The Court has jurisdiction to enter this order pursuant to the Colorado Consumer Protection Act, C.R.S. § 6-1-110(1), and C.R.S. § 6-1-112(1)(b).

EXHIBIT 3

2. The Court finds by clear and convincing evidence that Defendant Leonid Shifrin ("Leonid") violated the terms of the permanent injunction ordered by this Court on April 20, 2011 (and dated April 29, 2011). As a result, civil penalties are mandatory under C.R.S. § 6-1-112(1)(b).

3. Under the terms of the permanent injunction, Leonid was prohibited from engaging in mortgage brokerage activities. Through his companies, Glasgow Inc. dba Colonial Financial Inc. and Glasgow Sales Inc. dba American Home Funding Inc., Leonid participated in mortgage lending by lending money to consumers at least seven times in violation of this Court's order. Therefore, this Court imposes a civil penalty of $7,500 for each such violation for a total of $52,500 in penalties.

4. The Court further finds that Leonid and/or his co-Defendants have access to and control over their assets that are held by related companies and Leonid's immediate family members. Therefore, to prevent further violations of this Court's order and disposition of assets over which Leonid or his co-Defendants have control, the Court immediately freezes accounts at banks and other financial institutions of the following: [EDB 10/8/1]

   - Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USWSL Group Inc., USXLP Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names);
   - All accounts for which Leonid has signature authority or access or control in his individual capacity or as agent, officer, or member of any entity including the Judgment Debtors and the individuals and entities identified herein;
   - All accounts of Leonid and the other Judgment Debtors; and
   - All accounts for Mark Shifrin, Sofia Shifrin, and Qilly Shifrin. [WITH LEONID SHIFRIN AND] [↑ JOINT]

5. Further, the Court orders that the freezing of accounts at banks and other financial institutions shall be in effect as of September 21, 2012, the date of this hearing.

6. This Court further finds that the assets and property of Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USWSL Group Inc., USXLP Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names), [AND] [JOINT ACCOUNTS OF] Mark Shifrin, Sofia Shifrin, and Qilly Shifrin are the property of Leonid and the other Judgment Debtors. [WITH LEONID SHIFRIN]

7. To further prohibit the disposition of assets over which Leonid or his co-Defendants have control, this Court prohibits Leonid, his co-Defendants, Glasgow Inc., Glasgow Sales Inc., Colonial Financial Inc., USXLP Group Inc., 67th Avenue Inc., and 67th Inc. (including all trade names and doing business names) as well as Mark Shifrin, Sofia Shifrin, and Qilly Shifrin from transferring any asset. The Court understands that Leonid has filed for bankruptcy, and finds that [FROM THOSE JOINT ACCOUNTS]

2

freezing these assets does not violate the automatic stay caused by said filing.

8. The State or bankruptcy trustee in Leonid's bankruptcy may issue certified copies of this order to all financial institutions where the individuals and entities identified in paragraph six above maintain accounts. This order will serve as an order to such financial institution to freeze such accounts.

9. The State or bankruptcy trustee in Leonid's bankruptcy may record certified copies of this order in all property records relating to the real property owned by the individuals and entities identified in paragraph six above. This recording shall serve as notice of the asset freeze imposed by this order.

10. This Court further orders that the State may proceed under C.R.C.P. 69 to identify other persons who may be acting in concert with the Defendant. The State also may subpoena banks and other financial institutions to provide the identity of account holders and associated account numbers among whom Leonid and related third parties have transferred money since the beginning of the State's investigation.

11. This Court further recognizes the State's continued difficulty in serving Leonid and his co-Defendants and grants the State's request for substituted service on all parties. The State may serve notice by Federal Express, along with a copy of the Order dated April 20, 2011 (and dated April 29, 2011), to persons and entities whom the State believes may be acting in concert with Leonid to violate the permanent injunction. The notice will inform the recipients that, if they act in concert with Leonid to violate the Order or cause Leonid or his co-Defendants to violate the Order, then they may be subject to contempt and civil penalties under C.R.S. § 6-1-112(1)(b). The State shall address, prepare, and apply postage to the letters for the Court's signature within 10 days of this Order. A copy of this notice is attached hereto.

12. In addition to the **$52,500** in civil penalties and injunctive relief awarded above, this Court also awards the State its reasonable attorney fees and costs under C.R.S. § 6-1-113(4) for filing this motion.

13. The judgment of $2,380,009.40 is amended to add these civil penalties of $52,500. The Clerk is instructed to enter an amended judgment in the amount of $2,432,509.40 against Defendant Leonid Shifrin jointly and severally.

Entered nunc pro tunc to September 21, 2012 this 8TH day of OCTOBER, 2012.

3

2008 CV 1047
STATE V. SHIFRIN

*[signature]* 10/8/12

The Honorable Edward D. Bronfin
District Court Judge
Denver District Court

4