# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| ) | Case No. 12-22722-MER |
| LEONID SHIFRIN, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| ) | |
| HARVEY SENDER, as Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 13-01117-MER |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Glasgow, Inc., d/b/a Colonial Financial, Inc.,) | |
| Sofia Shifrin, Qilly Shifrin, and Mark Shifrin. ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

### Emergency Motion for Ex-Parte Temporary Restraining Order and Alternative Motion for Expedited Hearing
---

Harvey Sender, the Chapter 7 Trustee in the above-captioned bankruptcy proceeding (the "Trustee") files this Motion for Ex-Parte Temporary Restraining Order and alternative Motion for Expedited Hearing, and states:

### BACKGROUND

1. The Chapter 7 bankruptcy case of Debtor Leonid Shifrin (the "Debtor") was commenced by the filing of a voluntary petition on June 17, 2012.

2. Harvey Sender is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. On October 24, 2012, the Court granted the Trustee's Motion to conduct Rule 2004 investigation and authorized the Trustee to conduct examinations in accordance with Federal Rule of Bankruptcy Procedure 2004, in conjunction with the Attorney General of the State of Colorado, a creditor and party-in-interest in this matter.

4. On February 25, 2013, the Trustee commenced the instant adversary action against Defendants Glasgow, Inc., d/b/a Colonial Financial, Inc., Sofia Shifrin, Qilly Shifrin and Mark Shifrin seeking turnover and an accounting of the property and assets of Glasgow Inc. d/b/a Colonial Financial Inc. pursuant to 11 U.S.C. § 542.

5. Venue of the bankruptcy case and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Motion arises under Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065. Under Federal Rule of Bankruptcy Procedure 7065, an ex-parte temporary restraining order may be issued on the application of the Trustee without compliance with Federal Rule of Civil Procedure 65(c). Therefore no bond is required to secure the relief sought herein.  This motion is also filed under Fed. R. Bankr. P. 9013 and 9014.

7. If the Court determines that a hearing is necessary prior to issuing the emergency ex parte relief requested herein, the Trustee requests that an expedited hearing be scheduled at a date and time set by the Court and the Trustee will thereafter promptly cause a Notice of Expedited Hearing to be served.  Due to the facts and circumstances resulting in the Trustee's request for relief herein, the Trustee requests that any such expedited hearing be set for Monday, February 25, 2013, or as soon thereafter as possible.

8. Through this Motion, the Trustee requests an ex-parte Order authorizing the Trustee to immediately access the property located at 8400 E. Crescent Parkway, Suite 150,

Greenwood Village, CO, through peaceful means, and authority to change the locks on said property to restrict access thereto pending further order of this Court, and entry of a temporary restraining order enjoining the removal and/or destruction of any documents located at that premises until the Trustee has adequate opportunity to investigate and inventory to what extent property of the estate is located on the premises and to take all steps necessary to preserve property of the estate located therein.

9. The relief sought is requested pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Bankr. P.7065. Exhibits in support of the Trustee's Motion are attached hereto, and include the sworn Affidavit of Kirstin D. Kanski in support of this Motion.

## FACTS WARRANTING EXPEDITED EX-PARTE RELIEF

10. On March 2, 2011, the Debtor entered a plea agreement with the United States of America and thereby entered a plea of guilty to filing a false tax return in violation of Title 18 U.S.C. § 7206(1). A copy of the Debtor's plea agreement is attached hereto as Exhibit 1.

11. Pursuant to the Debtor's plea of guilty, the Debtor acknowledged, among other things, that he began working as a mortgage loan broker as early as 2002. (Kanski Decl. Ex. 1 at 5.) The Debtor agreed that in or about 2002 he began using the names of his father and entities that he caused his father to form and directed that loan commission payments and ownership distributions be made payable to Mark Shifrin, the Debtor's father. (Kanski Decl. Ex. 1 at 5.) The Debtor further acknowledged that as early as 2002 he began to title his personal assets, real estate and bank accounts in the names of family members and entities formed by family members. (Kanski Decl. Ex. 1 at 5.)

12. On September 20, 2012, the United States District Court for the District of Colorado sentenced the Debtor to 18 months of imprisonment. A true and correct copy of the

Amended Judgment in a Criminal Case stating the terms of the Debtor's sentence is attached hereto as Exhibit 2. The Debtor is currently in custody pursuant to the terms of the Amended Judgment.

13. On April 29, 2011, the Denver County District Court found that the Debtor violated the Colorado Consumer Protection Act through his mortgage lending operations and businesses. A copy of the Denver County District Court Order is attached hereto as Exhibit 3. In that Order, the Denver County District Court found that the Debtor was the "leader, organizer, owner and/or boss of all operations" that took place out of the office space formerly used by entities formed and operated by members of the Shifrin family. (Ex. 3 at 5.) The Denver County District Court further found that the evidence clearly and convincingly established that the Debtor "was the directing force of the operation and had control or input into every aspect of the scheme." (Ex. 3 at 5.) The companies that the Denver County District Court found to be owned and controlled by the Debtor included Mortgage Planning and Lending Specialists, Ltd., Wholesale Mortgage Lending, LLC, Shifrin, Inc. and CBA, Inc. The Denver County District Court enjoined the Debtor and each of these companies from engaging in mortgage loan origination, mortgage brokerage activity, and a broad range of activities affiliated with the mortgage lending industry. (Ex. 3 at 16-19.)

14. On September 21, 2012, the Denver County District Court entered an Order and Amendment to Judgment finding that the Debtor had violated the court's injunction dated April 29, 2011, by continuing to participate in the mortgage lending industry through Glasgow Inc., d/b/a Colonial Financial, Inc. A copy of the Denver County District Court's Order dated September 21, 2012, is attached hereto as Exhibit 4. The Denver County District Court specifically found that the Debtor continued to participate in mortgage lending through his

companies Glasgow Inc., d/b/a Colonial Financial Inc. and Glasgow Sales Inc., d/b/a American Home Funding Inc. (Ex. 4 at 2.) Following an evidentiary hearing, the Denver County District Court further found that the Debtor had "access to and control over" the additional companies of USWSL Group Inc., USXLP Inc., 67th Avenue Inc., and 67th Inc. (Ex. 4 at 2.) The Denver County District Court found that the State of Colorado had established and proven that the assets and property of each of these companies was in fact property of the Debtor. (Ex. 4 at 2.) Pursuant to the Denver County District Court's Order, the following companies have been expressly found to be property of the Debtor Leonid Shifrin:

- Glasgow Inc. (d/b/a Colonial Financial Inc.)
- Glasgow Sales Inc.
- USWSL Group Inc.
- USXLP Inc.
- 67th Avenue Inc.
- 67th Inc.

15. Pursuant to the Court's Order authorizing Rule 2004 discovery in this matter, on November 29, 2012, the Trustee, through counsel, served a subpoena on the Debtor for the documents and records of the Debtor and the Debtor's property and assets. (Kanski Decl. ¶8, Ex. D.) That Rule 2004 subpoena specifically included a request for all documents and records of Glasgow Inc., as well as all other entities found by the Denver County District Court to be the property of the Debtor. (Id. Ex. D.)

16. During the Course of the Trustee's 2004 investigation, the Trustee was able to confirm that pursuant to the terms of a Commercial Sublease Agreement dated June 29, 2011, by and between Mile High Banks, as tenant, and Glasgow, Inc., as subtenant, a copy of which is attached as Exhibit A to the Kanski Declaration, Glasgow Inc., doing business as Colonial Financial, Inc., is currently subleasing office space located at 8400 East Crescent Parkway, Suite 150, Greenwood Village, Colorado. (Kanski Decl. ¶ 2, Ex. A.)

5

17. The commercial sublease agreement is signed by Sofia Shifrin, in her capacity as President of Glasgow Inc., doing business as Colonial Financial, Inc. (Kanski Decl. ¶ 3, Ex. A.)

18. Recently recorded real estate records indicate that Glasgow Inc. continues to do business and operate out of the property located at 8400 East Crescent Parkway, Suite 150, Greenwood Village, Colorado. On February 4, 2013, a Deed of Trust dated January 23, 2013, was recorded in the Arapahoe County Recorder's Office. The Deed of Trust is in favor of Glasgow, Inc. and states an address of 8400 E. Crescent Parkway, Suite 150, Greenwood Village, Co. (Kanski Decl. ¶ 4, Ex. B.) Real estate records further indicate that at least 19 Deeds of Trust in favor of Glasgow, Inc., with the stated address of 8500 E. Crescent Parkway, Greenwood Village, have been recorded from September 2012 through February 2013. (Id.)

19. Pursuant to documents received by the Trustee during the course of his Rule 2004 investigation and also obtained by public record, the following companies all have registered or known mailing addresses located at 8400 East Crescent Parkway, Suite 150, Greenwood Village, Colorado: Glasgow Inc., d/b/a Colonia Financial Inc.; Glasgow Sales Inc., d/b/a American Home Funding Inc.; USWSL Group Inc.; 67th Inc.; and 67th Logistics Inc. A true and correct copy of records of the Secretary of State confirming the location of these companies is attached as Exhibit C to the Declaration of Kirstin Kanski, and confirm that each of these companies is registered to do business at 8400 E. Crescent Parkway, Suite 150, Greenwood Village, CO.

20. On Tuesday, February 20, 2013, counsel for the Trustee was advised by Mary Williams, Regional President of Mile High Banks, that on February 28, 2013, Mile High Banks is vacating the property that is currently being subleased to Glasgow Inc. and has requested that Glasgow Inc., as its subtenant, vacate the property by February 28, 2013. (Kanski Decl. ¶ 6.)

6

21. As of Tuesday, February 20, it is the Trustee's understanding that the subtenant Glasgow Inc. continued to occupy the office space pursuant to the attached commercial sublease agreement and has been instructed to vacate the office space by February 28. (Kanski Decl. ¶ 7.)

22. Pursuant to the Court's Order authorizing Rule 2004 discovery in this matter, on November 29, 2012, the Trustee, through counsel, served a subpoena on the Debtor for the documents and records of the Debtor and the Debtor's property and assets. (See Kanski Decl. Ex. D.) That Rule 2004 subpoena specifically included a request for all documents and records of Glasgow Inc., as well as all other entities found by the Denver County District Court to be the property of the Debtor. (Id.)

23. Similar Rule 2004 subpoenas were served on Qilly Shifrin, the Debtor's wife, and Sofia Shifrin, the Debtor's mother, on January 20, 2013, in their individual capacities and as agents of entities that have been found by the Denver County District Court to be the property of the Debtor, as well as on Mark Shifrin on February 6, 2013, in his individual capacity and as an agent of entities that have been found by the Denver County District Court to be the property of the Debtor. (Kanski Decl. ¶ 9.)

24. According to documents of public record, Sofia Shifrin is the registered agent of Glasgow Inc., d/b/a Colonial Financial Inc., USXLP Inc., 67th Avenue Inc., and 67th Avenue Movers, Inc. Mark Shifrin is the registered agent of USWSL Group, Inc. Qilly Shifrin is the registered agent for 67th Inc. and its registered trade name 67th Avenue Logistics Inc. Each of these entities is identified as having a registered or mailing address of 8400 E. Crescent Parkway, #150, Greenwood Village, Colorado. (Kanski Decl. ¶ 10, Ex. C.)

25. To date, no documents have been produced by the Debtor and the company books and records of the entities found by the Denver County District Court to be property of the

Debtor have not been made available to the Trustee for inspection. True and correct copies of correspondence to Debtor's counsel regarding the Debtor's refusal and/or inability to make the records available for inspection are attached to the Declaration of Kirstin Kanski as Exhibits E and F.

26. Based on the foregoing, there is a high likelihood that the documents and records of the Debtor and entities found by the Denver County District Court to be the property of the Debtor are located at the 8400 E. Crescent Parkway address. There is a high likelihood that those documents and records are property of the estate pursuant to 11 U.S.C. § 541, all of which have been subpoenaed for production by the Trustee pursuant to the court-authorized Rule 2004 subpoenas to be produced and made available since November 2012.

27. There is a high likelihood that based on the information conveyed to counsel for the Trustee by the representatives of Mile High Banks, that at some point prior to February 28, 2013, individuals and agents of these various companies, which are believed to be in possession of property of the estate, will access and move property and records currently at the 8400 E. Crescent Parkway address to some other location unknown to the Trustee.

28. The Trustee is not able to give notice to the individuals and representatives operating companies that the Denver County District Court has found to be property of the Debtor because the Trustee has not been provided access to any of the company's books or records and the Debtor has not to date cooperated to provide the Trustee access or information. At this time, the Trustee has been unable to confirm which individuals are operating any of these entities while the Debtor is in custody.

## ARGUMENT

29. The general purpose of a temporary restraining order "is to preserve the status quo pending a final determination of the rights of the parties." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). That is precisely the purpose behind the Trustee's motion, to preserve the status quo of any documents and records located at 8400 E. Crescent Parkway prior to the property being vacated by February 28, 2013.

30. The prerequisites for entry of a temporary restraining order are: "(1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs any damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest." *Lundgrin*, 619 F.2d at 63; *see also In re Qwest Comm. Int'l Sec. Litigation*, 231 F. Supp.2d 1066, 1069 (D. Colo. 2002) (same). The Court's decision on issuance of a temporary restraining order is a discretionary matter. *Lundgrin*, 619 F.2d at 63; *Emmis Comm. Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229 (D. Colo. Jan. 23, 2001) (unreported).

31. Here, the Trustee believes that on balance of the above factors this case presents the extraordinary circumstance that warrants an ex-parte temporary restraining order and expedited order authorizing the Trustee to access the property located at 8400 E. Crescent Parkway to maintain and preserve the status quo of any books and records located therein pursuant to Rule 65 an Bankruptcy Rule 7065 and pending further Order of the Court, if needed.

32. Upon changing the locks of the property located at 8400 E. Crescent Parkway, the Trustee can provide the Court a mechanism to confirm that property and records of the Debtor

and the estate are not destroyed or removed to an undisclosed location and are preserved pending an opportunity for the Trustee to inspect the documents and records contained therein.

### There Is A Substantial Likelihood that the Debtors Will Prevail on the Merits

33. The Trustee is substantially likely to prevail on the merits of whether the books and records of the entities found by the Denver County District Court to be property of the Debtor are property of the estate. In order to satisfy the likelihood of success factor, the Tenth Circuit has ruled that it "will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Lundgrin*, 619 F.2d at 63.

34. Pursuant to 11 U.S.C. § 541(a)(1), "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Property of the estate "includes books and records produced during a corporation's existence." *In re Blinder, Robinson & Co., Inc.*, 140 B.R. 790 (D. Colo. 1992).

35. Pursuant to 11 U.S.C. § 521(4), a debtor is required to turn over to the Trustee "any recorded information, including books, documents, records, and papers, relating to the property of the estate." Despite repeated requests, the Debtor has not turned over the books and records of the companies found to constitute the Debtor's property.

36. Pursuant to the State Court's Order, the tenant of the 8400 E. Crescent Parkway address has already been found by a court of law to be the property of the Debtor. Therefore the first element for a temporary restraining order is met.

### The Trustee and the Estate Will Suffer Irreparable Harm if Documents and Records Are Destroyed or Moved to a New Undisclosed Location

37. "'[A] showing of probable irreparable harm is the single most important prerequisite" for the issuance of a temporary restraining order or preliminary injunction.

*Georgacarakos v. Wiley*, No. 07-CV-01712-MSK, 2008 WL 4216265 (D. Colo. Sept. 12, 2008) (slip opinion) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). "'To constitute irreparable harm, an injury must be certain, great, actual and not theoretical.'" *Shrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heidman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003))

38. As set forth in the Affidavit of Kirstin D. Kanski in support of this Motion, the Debtor has not been able to cooperate or facilitate the Trustee's access to the documents and records of the companies found to be property of the Debtor because he is in custody. The Trustee does not know who currently has access to the office location known and documented to be the most recent operating address of the companies that the Denver County District Court found to be property of the Debtor.

39. Counsel for the trustee has been notified that the tenant from which Glasgow Inc. currently subleases the office space is required to vacate the property by Thursday, February 28, 2013 (Kanski Decl. ¶¶ 6-7.) The Commercial Sublease Agreement pursuant to which Glasgow Inc. is renting the space also expires on February 28, 2013. (Kanski Decl. Ex. A.) If documents and records of the companies that prove to in fact be property of the estate are moved or destroyed over the weekend or during the early part of next week, the Trustee and the estate will suffer irreparable harm. To date, the Trustee has not been provided access or an opportunity to inspect the books and records of the companies.

40. In light of the unknown nature of what ongoing business operations are occurring by companies that are property of the estate in accordance with the terms of the Denver County District Court's Order, and the high likelihood that the books and records may be removed from that location in the immediate future, the second factor for a temporary restraining order is met.

Threatened Harm Outweighs Any Damage To Individuals or Entities That Appear to be Operating Companies of the Debtor Without Authorization by the Trustee or this Court and in Violation of the Denver County District Court's Injunction Against the Debtor

41. The threat of irreparable harm to the Trustee and the estate if documents and records are destroyed or removed over the weekend or in the immediate future far outweighs any damages to the companies that may be currently operating out of the 8400 E. Crescent Parkway address. The Trustee seeks authority to access the property and change the locks on the property at this time to prevent the removal of any documents or records located therein pending an opportunity for counsel for the Trustee to confirm which entities currently have books and records at the office space and whether any of those books and records are property of the estate. Accordingly, there is very little risk of harm to the individuals and/or companies operating out of the office space, let alone harm sufficient to offset the merits of a temporary restraining order.

42. If the documents and records contained within the location are established to not be property of the estate, the Trustee would not seize those documents and records. If the documents and records contained within the property are property of the estate, the Trustee will immediately be apprised of the ongoing nature of these companies and be in a situation to advise the Court accordingly as to whether these companies are continuing to operate post-petition without approval or knowledge by the Trustee or this Court.

An Injunction Will Serve, and Is Not Adverse To, the Public Interest

43. A temporary restraining order as requested by the Trustee serves one of the underlying policies of Chapter 7 of the Bankruptcy Code, which is the authority granted a Trustee to investigate the financial affairs of the Debtor and requirement that a Trustee must thereby authorize any continued business operation of a debtor and, if any such continued operation is authorized, to file with the Court and the United States Trustee, along with any other

governmental unit responsible for determining tax obligations arising out of the company, periodic reports and summaries of the Debtor's operation of the business. 11 U.S.C. § 704(7).

44.  Here, the Debtor has entered a plea of guilty to failing to report income tax due and owing on companies, properties, bank accounts, and real estate that were in fact property of the Debtor but that were titled in the names of the Debtor's family members and companies operated by the Debtor.  (See Exs. 1 and 2.)

45.  The Denver County District Court has found that the Debtor has violated Colorado Consumer Protection laws by continuing to operate mortgage lending companies both in violation of the Colorado Consumer Protection Act and in violation of a permanent injunction entered against the Debtor by the Denver County District Court.  (See Exs. 3 and 4.)

46.  The Denver County District Court has found that the companies known to be operating out of the property located at 8400 E. Crescent Parkway are in fact property of the Debtor and therefore property of the estate pursuant to 11 U.S.C. § 541.

47.  Certainly it is in keeping with the public interest to allow the Trustee the opportunity to access the office space known to be most recently used by companies that according to public records constitute property of the estate and may be engaged in the mortgage lending industry in violation of a permanent injunction of the Denver County District Court.

## **CONCLUSION AND RELIEF REQUESTED**

48.  The Trustee hereby requests that the Court enter a Temporary Restraining Order to maintain the status quo, preserve documents and records necessary to the Trustee's administration of the estate, and to avoid irreparable harm to the estate and the Trustee's ability to administer the estate if documents and records are destroyed or relocated.

49.  The Trustee requests that the Court authorize the Trustee to immediately access the office space located at 8400 E. Crescent Parkway, Suite #150, through any means peaceful

necessary to do so, and further authorize the Trustee to immediately change the locks on that office space to restrict access thereto until further Order of the Court.

50. The Trustee further requests that the Trustee be authorized to conduct an ex-parte inspection of the documents and records currently located at 8400 E. Crescent Parkway Suite #150, which space is currently leased to Glasgow Inc., d/b/a Colonial Financial Inc., and to provide to the Court within fourteen days of this Order an accounting and inventory of the documents and records currently located within that office space as well as notification of all individuals who are currently operating the following companies and therefore would be entitled to notice of any actions of the Court relating to the books and records of said companies:

- Glasgow Inc. (d/b/a Colonial Financial Inc.)
- Glasgow Sales Inc.
- USWSL Group Inc.
- USXLP Inc.
- 67th Avenue Inc.
- 67th Inc.

WHEREFORE, the Trustee respectfully requests that the Court (i) grant expedited and ex-parte relief, (ii) authorize the Trustee to access the property located at 8400 E. Crescent Parkway, Suite #150, change the locks on that property pending further order of the Court and conduct an ex-parte review of the documents and records located within said office space, (iii) enter a temporary restraining order prohibiting any party other than the Trustee from entering the property pending further Order of this Court; and (iv) grant such other relief as the Court may deem just and equitable.

DATED: February 25, 2013                    LINDQUIST & VENNUM LLP


By: /s/ John C. Smiley
    John c. Smiley, #16210
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com

Attorneys for Harvey Sender,
Chapter 7 Trustee

15